**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-1006**

---

RAFAEL COPPOLA,

　　　　　　　Plaintiff - Appellant,

　　　and

DYLAN CLARK; EVAN G. FORD; ZAC TRAUTMAN; TROY M. GREENSFELDER; MAGGIE DESMOND; LARS N. NOLEN; KIRBY MARTIN; TYLER WASSERMAN,

　　　　　　　Plaintiffs,

　　　v.

KARPATHOES, INC., d/b/a Fratellis Italian Restaurant; GEORGE SAKELLIS; ROULA RIGOPOULA SAKELLIS,

　　　　　　　Defendants - Appellees.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:14-cv-00824-ELH)

---

Submitted: September 20, 2016　　　Decided: November 1, 2016

---

Before KING and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

Howard Benjamin Hoffman, Rockville, Maryland; Stephen Jon Springer, Philadelphia, Pennsylvania, for Appellant.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Unsatisfied with an award of attorney's fees and costs, Rafael Coppola seeks to appeal the district court's reduction in the amount of his requested fees. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007). We have a duty to examine our jurisdiction sua sponte. See United States v. Bullard, 645 F.3d 237, 246 (4th Cir. 2011).

On July 8, 2014, the district court entered judgment in favor of Coppola based on Coppola's acceptance of Defendants' Offer of Judgment pursuant to Fed. R. Civ. P. 68. Although the court's order did not "mechanically recite" the words "no just reason for delay," Crostley v. Lamar Cty., 717 F.3d 410, 420 (5th Cir. 2013) (internal quotation marks omitted), and although an "explanation . . . undoubtedly would have been helpful" in understanding the district court's determination, Fox v. Balt. City Police Dep't, 201 F.3d 526, 532 (4th Cir. 2000), we

conclude that the Rule 54(b) certification was unmistakable and did not constitute an abuse of discretion.[*]

Contrary to Coppola's arguments, "a Rule 68 judgment inherently possesses a significant degree of finality" due to its self-executing nature. Mallory v. Eyrich, 922 F.2d 1273, 1279 (6th Cir. 1991). Additionally, the parties clearly intended the Rule 68 judgment to be final. Coppola accepted Defendants' offer for the full amount that he sought, and the remaining plaintiffs immediately amended the complaint to remove Coppola as a party. The fact that the judgment left unresolved the amount of attorney's fees and costs to be awarded Coppola did not deprive it of finality. See Fed. R. Civ. P. 68(a); Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, 134 S. Ct. 773, 777 (2014).

The district court resolved the attorney's fee issue in an order entered on February 19, 2015. As the district court had already entered a final judgment pursuant to Rule 54(b), Coppola had 30 days from entry of the February 19 fee award to note an appeal of that order. Fed. R. App. P. 4(a)(1)(A). The notice

---

[*] The judgment entered by the district court, titled "Order of Judgment," was on a form submitted to the court by counsel for Coppola.

4

of appeal was filed on December 31, 2015, well beyond the 30-day period.

Because Coppola failed to file a timely notice of appeal and did not obtain an extension or reopening of the appeal period, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED